NO. 07-07-0462-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 30, 2008
_____

RICHARD REYES,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 07-07-6444; HON. PAT PHELAN, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Richard Reyes contends he was wrongly convicted of aggravated sexual assault by presenting two issues. In the first, he complains of the failure of the trial court to include instructions in the charge on the lesser-included offense of sexual assault and the defense of consent. In the second, he challenges the sufficiency of the evidence to sustain his conviction. We overrule both issues, and affirm the judgment.

*Issue 1 - Jury Charge*

In his first issue, appellant contends that the jury should have been instructed on both the lesser-included offense of sexual assault and the defense of consent. However, no objection was made by appellant to the lack of either. When an instruction on a lesser offense or a defense is not requested by either party, the court has no *sua sponte* duty to submit them. *See Delgado v. State,* 235 S.W.3d 244, 249-50 (Tex. Crim. App. 2007). Accordingly, the issue has been waived.

*Issue 2 - Sufficiency of the Evidence*

Next, appellant challenges the legal and factual sufficiency of the evidence to support the conviction. The standards by which we review the same are well established, and we refer the parties to *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006) for a review of them.

A person commits aggravated sexual assault if he intentionally or knowingly causes the penetration of the sexual organ of another person by any means, without that person's consent, and in the course of which he uses or exhibits a deadly weapon. TEX. PEN. CODE ANN. §22.021(a)(1)(A)(I) & (2)(A)(iv) (Vernon Supp. 2007). In this instance, the deadly weapon alleged in the indictment was a knife.

At trial, the complainant testified that appellant had been visiting her and then became angry and stated that he was "going to teach this bitch a lesson." Appellant took out a butterfly knife and a pocket knife that he had with him and held the knives up to her while striking her. He cut off her bra and underwear with one of the knives, made her sit

2

in a chair, and forced her to perform oral sex while holding the knives and threatening to slit her throat. Appellant next penetrated the complainant's vagina with his penis. The complainant was lacerated by the knives both before and after the rape.

The complainant's testimony alone, if believed, is sufficient to sustain the conviction. *Benton v. State,* 237 S.W.3d 400, 404 (Tex. App.–Waco 2007, pet. ref'd); *Jensen v. State,* 66 S.W.3d 528, 534 (Tex. App.–Houston [14th Dist.] 2002, pet. ref'd). Accordingly, a rational trier of fact could have found beyond a reasonable doubt that appellant committed the crime of aggravated sexual assault.

Appellant complains that the evidence is insufficient because 1) the complainant stated she was attacked by a man who had tattoos on his wrists and forearms but appellant testified he had no tattoos on his wrist or hands, 2) there are purported inconsistencies in the testimony of Richard Gutierrez (who entered the house after the rape but while the general assault was still occurring) and Anthony LeCroy (who was waiting for Gutierrez outside in a vehicle), 3) the complainant failed to recite at trial that she had been raped when first describing the events of that evening, 4) the police officers did not find a cut bra or underwear, 5) there was a purported lack of clearly distinguishable blood on the knives found and 6) the knives were not subjected to any testing. At best, these matters created conflicts in the evidence and raised issues of witness credibility. As such, they were for the jury to address and resolve. Given the complainant's testimony and physical wounds, her prior knowledge of appellant, her demeanor when the police arrived, and the corroboration by Gutierrez of some of the events after the rape, we cannot say that the evidence is too weak to support the verdict or so against the great weight and

preponderance of the evidence as to undermine our confidence in it. In short, the evidence is both legally and factually sufficient.

The judgment is affirmed.


Brian Quinn
Chief Justice

Do not publish.